**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X   Case No. 15-cv-08578

RAMON MEJIA,

                                        Plaintiff,

                                                                    **COMPLAINT**

                 -against-


PENN CREDIT CORPORATION,

                                        Defendant.
-------------------------------------------------------------------------X

                 Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon

knowledge as to himself and his own acts, and as to all other matters upon information

and belief, brings this complaint against above-named defendant and in support thereof

alleges the following:

                                        INTRODUCTION

                 1.        This is an action for damages brought by an individual consumer

for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and

unfair acts and practices.

                 2.        Further, this is an action for damages and injunctive relief brought

by an individual consumer against defendant pursuant to New York General Business

Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.    This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

5.    Plaintiff is a natural person who resides in this District.

6.    Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7.    The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes to Consolidated Edison.

8.    Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.    Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.    Defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. The principal purpose of defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is foreign business corporation incorporated in Pennsylvania.

FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. At some point in time, plaintiff allegedly incurred a personal debt to Consolidated Edison ("Con Ed").

16. At some subsequent point in time Con Ed alleged that the debt fell into default.

17. Subsequent to the alleged default, on information and belief, Con Ed hired debt collectors to attempt to collect the debt from plaintiff.

18. Beginning in the year 2013 at the latest, debt collectors began to attempt to collect the debt on behalf of Con Ed.

19. Plaintiff received collection letters from certain debt collectors in the years 2013 and 2014.

20. The debt collectors stated in their letters that they were collecting the debt for Con Ed.

21. Upon receipt of each collection letter, plaintiff consulted with his attorneys at Fagenson & Puglisi.

22.     Thereafter Concetta Puglisi, Esq. of Fagenson & Puglisi wrote a letter to said debt collectors.

23.     In each said letter Ms. Puglisi informed the collector that Fagenson & Puglisi represented plaintiff and that plaintiff disputed the debt.

24.     Further, in each said letter Ms. Puglisi informed the collector that plaintiff should not be contacted directly.

25.     Upon information and belief, both collectors informed Con Ed that plaintiff was represented by counsel.

26.     By letter dated October 31, 2014, defendant wrote to plaintiff in an attempt to collect the same debt on behalf of Con Ed.

27.     Defendant mailed the letter directly to plaintiff at his home.

28.     Con Ed knew of plaintiff's legal representation before defendant sent its letter directly to plaintiff.

29.     Con Ed informed defendant about plaintiff's legal representation before defendant sent its letter directly to plaintiff.

30.     Defendant knew of plaintiff's legal representation before defendant sent its letter directly to plaintiff.

31.     Defendant should have known of plaintiff's legal representation before defendant sent its letter directly to plaintiff.

32.     Upon receipt of defendant's letter plaintiff felt aggravation, upset, confusion and surprise and felt that he was being hounded by defendant despite defendant's knowledge that he was represented by counsel in the matter of the debt.

AS AND FOR A FIRST CAUSE OF ACTION

Improper direct communication with Plaintff

15 U.S.C. §§ 1692c(a)(2) and 1692e(10)

33.   Plaintiff re-alleges paragraphs 1-32 as if fully re-stated herein.

34.   Con Ed knew that plaintiff was represented by counsel and should not be contacted directly.

35.   Con Ed informed defendant of plaintiff's legal representation before defendant sent its letter directly to plaintiff.

36.   Defendant knew of plaintiff's legal representation before defendant sent its letter directly to plaintiff.

37.   In any event, defendant had an affirmative duty to inquire of Con Ed whether plaintiff was represented by counsel in the matter, before defendant communicated directly with plaintiff.

38.   Defendant did not inquire of Con Ed whether plaintiff was represented by counsel before defendant sent its collection letter directly to plaintiff.

39.   Defendant sent its letter directly to plaintiff at his home notwithstanding its knowledge that plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

40.   Defendant sent its letter directly to plaintiff at his home as a result of its violation of its affirmative duty to inquire of Con Ed, before communicating with plaintiff, whether plaintiff was represented by counsel.

41.     Defendant is further in violation of the FDCPA, § 1692e(10) in that defendant's conduct in contacting plaintiff directly after knowledge of attorney representation, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of his counsel.

42.     Defendant is further in violation of the FDCPA, § 1692e(10) in that defendant's conduct in contacting plaintiff directly as a result of its violation of its affirmative duty to inquire of Con Ed, before communicating with plaintiff, whether plaintiff was represented by counsel, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of his counsel.

AS AND FOR A SECOND CAUSE OF ACTION

NYGBL § 349

43.     Plaintiff re-alleges paragraphs 1 to 42 as if fully re-stated herein.

44.     Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

45.     Defendant breached its duty to collect plaintiff's debt with reasonable care.

46.     In the exercise of reasonable care defendant ought to have ensured that for any account on which an attorney represented the consumer any communication by defendant was made with the attorney, and not with the consumer directly.

47.     The fact that defendant contacted plaintiff directly regarding the same debt for which he had attorney representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

48.     On information and belief, Con Ed places tens, if not hundreds, of consumer accounts of New York residents each month with defendant for collection.

49.     Defendant's act of communicating with plaintiff directly is a deceptive and misleading act and practice.

50.     Defendant's letter to plaintiff is a form collection letter.

51.     Defendant's letter to plaintiff is derived from a letter template.

52.     Said deceptive and misleading act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

53.     Defendant's deceptive and misleading act and practice was consumer-oriented, in that defendant's act of communicating with a legally-represented consumer directly despite knowledge that he is represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which Con Ed placed with defendant for collection and on which there was legal representation.

54.     Defendant maintained no agreement or procedure with Con Ed to ensure that Con Ed does not place with defendant accounts of legally–represented consumers for collection or, in the alternative, to ensure that defendant does not communicate directly with legally represented consumers.

55.     Defendant's said conduct of communicating directly with legally-represented consumers has a broad impact on consumers at large whose accounts are placed by Con Ed with defendant for collection and who are represented by counsel in the matter of the collection of their Con Ed debt.

56.     Defendant owes a duty to plaintiff and consumers at large to honor their right to legal representation and defendant's failure to honor plaintiff's said right resulted in defendant sending its letters to plaintiff at his home, thereby improperly encouraging plaintiff to contact defendant directly about a debt for which he had the representation of counsel.

57.     Therefore, defendant's failure to honor plaintiff's legal representation and its sending of the letter to plaintiff at his home was deceptive and misleading in a material way.

58.     Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

59.     Upon receipt of defendant's letter plaintiff felt aggravation, upset, confusion and surprise and felt that he was being hounded by defendant despite defendant's knowledge that he was represented by counsel in the matter of the debt.

60.     Defendant violated NYGBL § 349(a) by its sending of its letter and is liable to plaintiff under NYGBL § 349(h).

61.     Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

62.     As a result of the above violations, defendant is liable to plaintiff in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)     awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b)     awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(c)     awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d)     enjoining defendant from continuing to communicate with plaintiff directly, pursuant to NYGBL § 349;

(e)     enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f)     awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g)     in the alternative to (f), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)     awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(i)     for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
        October 31, 2015.

/s/  Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com